# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS BLOODSAW,<br><br>        Petitioner,<br><br>        v.<br><br>OCHOA, Warden,<br><br>        Respondent. | Case No. CV 10-4366 GHK (JCG)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION WITH LEAVE TO FILE AN AMENDED PETITION WITHIN THIRTY DAYS |

## I.
## PROCEEDINGS

On June 14, 2010, petitioner Demetrius Bloodsaw ("Petitioner"), a California prisoner proceeding *pro se*, purported to file a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). (Pet. at 1, 2.) The Petition does not challenge the underlying conviction for which Petitioner was incarcerated. Instead, the Petition challenges the "California Board of Parole Hearings[']" ("Board") determination that Petitioner was "unsuitable for parole[,]"and the Board's refusal to set "a release date" for the Petitioner. (*Id.* at 4.) In support, Petitioner advances two grounds for relief: (1) that the Board "abused its power" in "promulgating regulations that violate[] Government Codes and in practicing a policy of not granting parole and setting release dates" in violation of due process and the

prohibition against cruel and unusual punishment; and (2) that the California state courts "abused their discretion in providing more deference to the" Board's ruling "than required and in their application of the 'some evidence' standard." (*Id.*)

Petitioner alleges that he is currently incarcerated at the Chuckawalla Valley State Prison (a California prison facility) located in Blythe, California. (Pet. at 2.) Petitioner further avers that he was sentenced by the Los Angeles County Superior Court (Torrance Courthouse) on October 17, 1989. (*See id.*)

## II.

## DISCUSSION

Pursuant to 28 U.S.C. § 2243, the Court has reviewed the Petition and determined that it was improperly filed under 28 U.S.C. § 2241. A state prisoner's challenge to a denial of parole must be brought under 28 U.S.C. § 2254, and not § 2241. *Montue v. Department of Corrections*, 2008 WL 2178589, at * 1 (9th Cir. May 22, 2008) ("district court did not err by refusing to permit [a California prisoner] to challenge the denial of parole in a 28 U.S.C. § 2241 petition, because such a challenge is only properly brought in a 28 U.S.C. § 2254 petition"); *see also Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) ("§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction") (internal quotation marks and emphasis omitted).

Here, Petitioner asserts that he is a California prisoner, incarcerated at a California state prison (Chuckawalla Valley State Prison), pursuant to a California judgment (from the Torrance Courthouse of the Los Angeles County Superior Court). (Pet. at 2.) Accordingly, Petitioner's challenge to the Board's parole determination "is only properly brought in a 28 U.S.C. § 2254 petition." *Montue*, 2008 WL 2178589, at *1; *see also Shelby*, 391 F.3d at 1063.

## III.

## ORDER

1. The Petition, filed on June 14, 2010, is **DISMISSED** with leave to amend, pursuant to 28 U.S.C. § 2243, because it was improperly filed under 28 U.S.C. § 2241.

2. Petitioner is given leave to amend and is **GRANTED** up to and including July 19, 2010, to file a First Amended Petition curing the deficiencies discussed above. Petitioner must clearly designate on the face of the document that it is the "First Amended Petition," and it must be retyped or rewritten in its entirety on a court-approved form. The First Amended Petition may not incorporate any part of the original Petition by reference. After amendment, the Court will treat the Petition as nonexistent.

3. If Petitioner fails to file a First Amended Petition by July 19, 2010, and/or such First Amended Petition fails to comply with the requirements set forth in this Memorandum and Order, the Court may recommend that this action be dismissed with prejudice.

4. The Clerk of Court is **DIRECTED** to send Petitioner the court-approved form for filing a Petition for Writ of Habeas Corpus by a Person in **State** Custody.

IT IS SO ORDERED.

DATED:  June 17, 2010

_____
HON. JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE

3